**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MASTRY'S BAIT AND TACKLE, INC.,**

    **Plaintiff,**

**v.**                                                                           **Case No.  8:06-cv-1039-T-30TGW**

**CARLOS M. GUTIERREZ, UNITED**
**STATES DEPARTMENT OF**
**COMMERCE,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss (Dkt. 9) and Plaintiff's Response in Opposition to the same (Dkt. 11).  For the reasons stated below, this Court finds that Defendants' motion is **GRANTED**.

## DISCUSSION

Plaintiff filed a petition seeking this Court's review of a final agency order (Dkt. 1). In their Motion to Dismiss, Defendants argue that Plaintiff's Complaint should be dismissed as it lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. 9).  In reviewing the Petition and the relevant statute, this Court agrees.

16 U.S.C. § 1858(b) requires a complaint against the United States to be filed within thirty days of agency ruling.  See 16 U.S.C. §1858(b) (2005).  In this case, the final agency

ruling was issued on November 17, 2005. Plaintiff had thirty days from that date in which to file a complaint with the appropriate district court, or seek an extension. It failed to do so, and instead filed a Notice of Appeal (Dkt. 1, Ex. 2 of Case No. 08:06-mc-16-JSM-TGW).

On March 3, 2006, Plaintiff filed a Petition for Extension of Time to Request Review of Final Agency Order See id.  While this Court granted the request, giving Plaintiff sixty days to file its Request to Review (Dkt. 2 of Case No. 8:06-mc-16-JSM-TGW), at the time the Petition for extension was granted, there was no information before the court which identified the nature of the federal agency order Plaintiff sought to be reviewed. Notwithstanding, it does not appear that either the Request or the Petition for extension was timely filed. Moreover, the Petition fails to articulate any facts which support equitable tolling. The failure of an attorney to read and comply with the statutory time limitations is not a basis to excuse his failure to comply with the deadline. See Advance Estimating System, Inc. v. Riney, 130 F.3d 996, 998 (11th Cir. 1997).

Accordingly, it is  ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss (Dkt. 9) is **GRANTED**.

2. Plaintiff's Request for Review of Final Agency Order (Dkt. 1) is **DENIED WITH PREJUDICE**.

3. This Court's previous Order granting Plaintiff's Petition for Extension of Time to Request Review of Final Agency Order (Dkt. 2 of Case No. 06-mc-16-JSM-TGW) is **VACATED**.

4. All pending motions are denied as moot.

5. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 1, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2006\06-cv-1039 Motion to Dismiss.frm